UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

**FILED**

JUL  6 2012

CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY_____
            DEPUTY CLERK

| | |
|---|---|
| STRYKER CORPORATION, §<br><br>Movant §<br><br>v. §<br><br>MEDTRONIC, INCORPORATED §<br>MEDTRONIC SOFAMOR DANEK, §<br>INCORPORATED, MEDTRONIC PS §<br>MEDICAL, INCORPORATED, d/b/a §<br>MEDTRONIC NEUROLOGIC §<br>TECHNOLOGIES, and MEDTRONIC §<br>SOFAMOR DANEK CO., LTD., §<br><br>Respondents. § | **A12MC0598 LY**<br><br>Case No. _____-MISC |

## STRYKER CORP.'S MOTION TO QUASH OR MODIFY
## MEDTRONIC INC.'S SUBPOENA TO NON-PARTY M3 DESIGN

Pursuant to FED. R. CIV. P. 45(c)(3)(A)(iv) and 45(c)(3)(B)(i), Stryker

Corporation ("Stryker") files this motion to quash or modify Medtronic Inc.'s subpoena issued to

non-party M3 Design, Inc. ("M3 Design"). A copy of Medtronic, Inc.'s subpoena to non-party

M3 Design is attached hereto as Exhibit A.[1]

### INTRODUCTION

This case involves a defendant in out-of-state litigation seeking to obtain trade

secrets and confidential business information from an independent contractor of another non-

party competitor. Plaintiff Lenox MacLaren Surgical Corp. ("Lenox MacLaren") is suing

Medtronic, Inc. and affiliated entities (collectively "Medtronic") in the District of Colorado,

---

[1] Pursuant to an agreement between Medtronic and M3 Design, M3 Design's time to respond or
object to the subpoena was extended until July 6, 2012.

364246 v2

alleging monopolization, attempted monopolization, and tortious interference involving surgical instruments known as "bone mills."  *See* Lenox MacLaren's Complaint, filed in the United States District Court, District of Colorado, attached as Exhibit B.

Non-party Stryker also produces bone mills and is a competitor of both Lenox MacLaren and Medtronic.  Non-party M3 Design is an independent contractor that was retained by Stryker to assist with the design, prototype, test and manufacture of Stryker's bone mill product.

A Services Agreement between M3 Design and  Stryker protects from disclosure Stryker's highly confidential design and development data including, but not limited to, inventions, products, research and development, production, manufacturing or engineering processes, costs, profit or margin information, operations, activities, business, technology, intellectual property, customers, marketing, production or future business plans. The information sought by Medtronic from M3 Design includes broad categories of documents including research, product architecture, product functionality, testing, trials and product verification which constitute trade secrets and confidential business information which is protected from disclosure and is irrelevant to Medtronic's defense to monopolization.  The disclosure of Stryker's trade secret and confidential business information sought in Medtronic's subpoena to M3 Design is entitled to protection from this Court.

## STATEMENT OF FACTS

Medtronic's subpoena to non-party M3 Design seeks Stryker's trade secrets and confidential business information that Stryker goes to great lengths to protect through its Services Agreement with M3 Design.  For example, Medtronic seeks to obtain "*all documents related to or reflecting any work performed related to designing a bone mill for Stryker*

2

*Corporation.*"  *See* Medtronic Subpoena, Doc. Request No. 1, attached as Exhibit C at p. 4 (emphasis added); *see also* Doc. Request No. 2 ("All documents related to or reflecting any 'observational research' and conversations with or information gathered as a result of 'speaking to a wide range of stakeholders'"); *see also* Doc. Request No. 3 ("All documents related to or reflecting 'product opportunities and user inter-action needs' discovered while performing work related to designing a bone mill for Stryker Corporation"); *see also* Doc. Request No. 4 ("All documents reflecting information about 'various bone reducing techniques and product architectures'"); *see also* Doc. Request No. 5 ("All documents related or reflecting 'product functionality' and 'human factor insights' regarding bone mill"); and Doc. Request No. 6 ("All documents related to or reflecting 'testing,' 'trials and product verification' of bone mill designs").

Medtronic's overbroad and unduly burdensome document requests seek voluminous documents that are wholly unrelated to defending a federal antitrust action and would include the production of almost all of M3 Design's confidential work done for Stryker -- including confidential research and development documents, design documents, production documents, manufacturing documents, engineering processes documents, costs, profit or margin documents, and documents related to production or Stryker's future business plans.

Medtronic previously served a similarly overbroad subpoena on Stryker which also sought confidential and proprietary information from Stryker.  Medtronic's subpoena to Stryker was issued by the United States District Court for the Western District of Michigan. *See* Medtronic's subpoena to Stryker, issued by the United States District Court for the Western District of Michigan attached as Exhibit. D.  Stryker produced some documents in response to the Medtronic subpoena, but objected to producing confidential information such as its product

3

development costs and timeline, market analysis and pricing information, and its sales and pricing information. *See* Non-Party Stryker Corporation's Objections To Subpoena, attached as Exhibit E.

Medtronic moved to compel this information from Stryker. *See* Civil Miscellaneous Action For Petition To Enforce Subpoena, Medtronic Companies' Motion To Compel Stryker Corp. To Comply With Subpoena Duces Tecum, filed in the United States District Court for the Western District of Michigan, attached as Exhibit F. Stryker filed its Brief in Opposition to the Motion To Compel. *See* Respondent Stryker Corporation's Brief In Opposition To Motion To Compel Stryker Corp. To Comply With Subpoena Duces Tecum, attached as Exhibit G.

Medtronic's Motion to Compel was heard by United States Magistrate Judge Ellen S. Carmody on June 12, 2012. During the June 12, 2012 hearing, Judge Carmody found Medtronic's subpoena to Stryker to be overbroad and found that Medtronic was seeking information beyond what was needed to defend the antitrust lawsuit pending in Colorado. Judge Carmody denied Medtronic's Motion to Compel because she believed that sufficient information could be obtained from Stryker from a 30(b)(6) witness, without Stryker having to produce highly confidential business information to a competitor. *See* Judge Carmody's June 12, 2012 Order, attached as Exhibit H.

The Stryker 30(b)(6) deposition is scheduled to occur on July 13, 2012, in Kalamazoo, Michigan.

## LEGAL ARGUMENT

FED. R. CIV. P. 45(c)(3)(A)(iv) provides that an issuing court must quash or modify a subpoena that subjects a person to undue burden. Here, the Medtronic subpoena is unlimited as

to time or scope and seeks "all documents relating or reflecting" the confidential product development work by Stryker's product development contractor, M3 Design.  Such broad document requests to a non-party contractor for another non-party competitor are unduly burdensome and should be quashed by this Court.  Put simply, the Medtronic subpoena is overly broad, unduly burdensome and seeks highly confidential business information from a competitor in the bone mill industry, which is wholly unrelated to defending an antitrust lawsuit pending in Colorado.

Moreover, FED. R. CIV. P. 45(c)(3)(B)(i) provides that a issuing court may protect any person subject to or affected by a subpoena by quashing or modifying a subpoena that requires the disclosure of trade secrets or other confidential research, development, or commercial information.  There can be no dispute that M3 Design's confidential product development research for Stryker constitutes trade secrets, and/or confidential research, development or commercial information.  Indeed, all such information sought by Medtronic from M3 Design was designated as confidential in the Services Agreement between M3 Design and Stryker.  Medtronic's overbroad and unduly burdensome subpoena seeks information beyond what is needed to defend an antitrust lawsuit pending in Colorado.  To the extend Medtronic needs any information from Stryker to defend itself in the antitrust lawsuit, such information can be obtained from Stryker at the 30(b)(6) deposition, without Stryker or its product development contractor – M3 Design – having to produce a witness or highly confidential commercial development documents to a competitor.

## **PRAYER**

For the foregoing reasons, Stryker respectfully requests that this Court quash or modify the subpoena issued by Medtronic to M3 Design.

## **CERTIFICATE OF CONFERENCE**

I hereby certify that on the 5th day of July, 2012, I conferred with Michael Simmons, attorney for Medtronic, Inc. in a good-faith attempt to resolve this matter by agreement and that no agreement could be made.  Accordingly, this motion is opposed.

Respectfully submitted,


By: _____

GENE M. WILLIAMS
State Bar No.  21535300
E-Mail:  gmwilliams@shb.com
David S. Hartnett
State Bar No. 24036737
Email:  dhartnett@shb.com
SHOOK, HARDY & BACON L.L.P.
JP Morgan Chase Tower
600 Travis, Suite 1600
Houston, TX   77002-2992
Telephone:      713/227-8008
Telefax:          713/227-9508

ATTORNEYS FOR MOVANT,
STRYKER CORPORATION

6

## CERTIFICATE OF SERVICE

I hereby certify that on the 5th day of July, 2012, I forwarded the foregoing document and all attachments thereto to the Clerk of the U. S. District Court for the Western District of Texas, Austin Division via FedEx for filing and, simultaneously forwarded a true and correct copy via certified mail, return receipt requested to all known interested counsel addressed as follows:

Michael Simmons
AKIN, GUMP, STRAUSS, HAUER & FELD, LLP
300 West Sixth Street, Suite 1900
Austin, TX 78701
*Attorney for Medtronic, Inc., et al*

Steve Smit
GRAVES, DOUGHERTY, HEARON & MOODY
401 CONGRESS, SUITE 2200
AUSTIN, TEXAS 78701
*Attorney for M3 Design, Inc.*

G. Stephen Long
Nicole A. Westbrook
Cash K. Parker
POLSINELLI SHUGHART PC
1515 Wynkoop, Suite 600
Denver, CO 80202
*Attorneys for Lenox MacLaren Surgical Corporation*

Joseph E. Kovarik
Ian R. Walsworth
SHERIDAN ROSS PC
1560 Broadway, Suite 1200
Denver, CO 80202
*Attorneys for Lenox MacLaren Surgical Corporation*

GENE M. WILLIAMS